## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER W. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 10-459-FHS-SPS |
| | ) |
| BILL STURCH, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss. The court has before it for consideration plaintiff's amended complaint, the defendants' motions, plaintiff's responses and supplements, the defendants' replies, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Bryan County Jail in Durant, Oklahoma. The defendants are Bryan County Sheriff Bill Sturch, Bryan County Jail Administrator John Kidman, Bryan County Jail Lieutenant Mike Osborne, Bryan County Jail Nurse Cindy Stevens, and Bryan County Commissioner Monty Montgomery.

As an initial matter, plaintiff has requested this case be certified as a class action because of the number of individuals involved. Courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Here, the court finds plaintiff cannot "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), so his request for class certification is denied.

Plaintiff alleges in his amended complaint that the defendants maliciously risked his

health through contamination of disposable razors. All inmates' razors were placed in one ziplock sandwich bag, and the razors were reissued and collected nine times every three weeks. On October 5, 2009, the defendants started placing Inmate Cangro's razor in a separate ziplock bag, after Cangro was taken to the hospital for treatment of a serious illness related to Hepatitis C. Despite the risk of contamination, jail officials continued to store razors in a manner that could result in contamination and to reissue the razors to inmates. On June 28, 2010, the inmates' razors finally were placed in individual ziplock sandwich bags, and the individual bags all were placed in one large ziplock bag.

Plaintiff next complains the defendants are not taking preventive measures by giving tuberculosis shots to inmates upon intake. He claims did not receive the shots until seven to nine months after his arrival at the jail.

Plaintiff further asserts that for more than a year he was denied pain medication and lung and blood tests for kidney and liver pains. In addition, his symptoms of vomiting, clay-colored feces, fatigue, dark urine, labored breathing, and blood in his spittle were not treated. He claims Defendant Nurse Stevens told him that because he was indigent, he did not qualify for medical treatment and would have to pay in advance for medical services. She also allegedly said plaintiff had no right to "comfort meds," and she refused to give him copies of his medical requests or the address for the medical provider to report complaints.

Defendant Stevens has filed a motion to dismiss, alleging plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his

administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The Bryan County Jail Inmate Grievance Procedures require an inmate to file an Inmate Grievance Form after first completing a Request to Staff in an effort to resolve an issue. Defendant Stevens alleges plaintiff never exhausted his administrative remedies with respect to any of his allegations against her. Plaintiff alleges he did file complaints/ grievances, but the jail administration did not answer them, except to tell him verbally, "That's not my department." He claims Defendant Stevens avoided answering his complaints/grievances, so he requested the address for the medical providers in an attempt to pursue his grievances. Stevens contends her alleged failure to give him the address for Correctional Healthcare did not affect his ability to file a grievance with the Bryan County Jail, pursuant to the jail's internal grievance procedure.

While exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), the Tenth Circuit Court of Appeals recently reemphasized that "[t]he plain language of the PLRA requires prisoners to exhaust only *available* remedies." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (citation omitted) (emphasis in original). "It follows that if an administrative remedy is not available, then an inmate cannot be required to exhaust it." *Id*. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245 F.3d 1245, 1250 (10th Cir. 2010). "Based on this principle, . . . district courts [are obligated] to ensure that any defects in exhaustion are not procured from the action or inaction of prison officials." *Tuckel*, 660 F.3d at 1252 (quotation omitted).

In this instance, the court cannot determine with certainty whether plaintiff actually

attempted to exhaust his administrative remedies. He claims his grievances were not addressed, while Defendant Stevens asserts he never initiated the grievance process. Absent a jail grievance log or other method of determining when grievances were submitted at the jail, the court cannot find plaintiff has failed to exhaust his available administrative remedies. Therefore, the court will examine the merits of his claims against Stevens.

> Under the Fourteenth Amendment's due process clause, pretrial detainees . . . are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment. Thus, [a pretrial detainee's] inadequate medical attention claim must be judged against the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). . . .
>
> The analysis under *Estelle* is two-pronged. The initial question is whether there is evidence of "serious medical needs." A constitutional violation only occurs when a government official's "deliberate indifference" is exhibited toward such needs.

*Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992) (citations omitted).

Where there is evidence of a "series of sick calls, examinations, diagnoses, and medication . . . it cannot be said there was a 'deliberate indifference' to the prisoner's complaints." *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). As Defendant Stevens acknowledged in her motion to dismiss, "[a] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). While a difference of opinion as to the kind and quality of medical treatment necessary under the circumstances fails to give rise to a cause of action under § 1983, *see McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977), *cert. denied*, 435 U.S. 917 (1978), and cases cited therein, there is no indication of whether Defendant Stevens or other medical professionals ever evaluated plaintiff's symptoms before allegedly denying him treatment. The special report includes copies of various medical records, but the court will not search the record to develop evidence not specifically identified in the briefs. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230,

4

1246 n.13 (10th Cir. 2003). Therefore, the court finds Stevens has failed to show plaintiff did not meet the serious medical needs prong of the *Estelle* standard. Defendant Stevens' motion to dismiss is denied.

Defendants Bill Sturch, John Kidman, Mike Osborne, and Monty Montgomery also have filed a motion to dismiss, asserting among other things, that plaintiff has failed to allege their personal participation in the alleged constitutional violations. The only individual action plaintiff has set forth with respect to these defendants is that "[w]hen appealing for recourse--Lt. Osborne & his colleagues--are known for their famous quotes as--'thats [sic] not my department.'"

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Furthermore, Defendant Montgomery is an independently elected official of Bryan County, and he has no responsibility for the jail. Under Okla. Stat. tit. 19, § 513, the sheriff has charge and custody of the jail of his county, and all the prisoners in the jail. *See also* Okla. Stat. tit. 57, § 1 (County commissioners are required to inspect the jails in their respective counties and to examine the health, cleanliness, and discipline conditions of the jail.). Defendants Sturch, Kidman, Osborne, and Montgomery's motion to dismiss is granted.

Finally, plaintiff has requested declaratory and injunctive relief to prevent further harm, and he has asked for a criminal inquest to investigate all the defendants. The record shows he has been transferred from the Bryan County Jail, so he no longer is subject to the conditions on which his claims are based. Therefore, his requests for injunctive and declaratory relief are moot. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). Furthermore, his request for a criminal investigation of the defendants is not proper for a civil

5

rights action under 42 U.S.C. § 1983.

**ACCORDINGLY,** Defendant Cindy Stevens' motion to dismiss [Docket No. 28] is DENIED, and Defendants Bill Sturch, John Kidman, Mike Osborne, and Monty Montgomery's motion to dismiss [Docket No. 26] is GRANTED. Plaintiff's requests for class certification, declaratory relief, injunctive relief, and a criminal investigation are DENIED.

DATED this 5th day of March, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma